# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY CHRISTOPHER BRANDON, | NO. CV 12-10877-CAS (MAN) |
| Petitioner, | |
| v. | ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| BOARD OF PRISON TERMS, et al., | |
| Respondent. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), all of the records herein, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's Objections to the Report. Further, the Court has conducted a *de novo* review of those portions of the report to which objections have been made.

The bulk of the documents appended to the Objections are the same documents presented in this case previously, although Petitioner has re-dated his signatures on some of them. Those documents, and Petitioner's related arguments, were considered by the Magistrate Judge and do not affect or detract from her analysis and conclusions. The Court notes, however, that Petitioner now asserts that he is entitled to avoid the applicable one-year statute of limitations, because he is "actually innocent" -- a contention that Petitioner did not make in opposition to Respondent's motion to dismiss.

A district court has discretion, but is not required, to consider evidence or claims presented for the first time in objections to a report and recommendation. *See* Brown v. Roe, 279 F.3d 742, 744-45 (9th Cir. 2002); United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000).  It is unclear to the Court why Petitioner failed to make the above actual innocence argument in his opposition to the motion to dismiss.  As the Ninth Circuit explained in Howell, in affirming a district judge's exercise of her discretion in declining to consider new evidence presented for the first time in objections to a magistrate judge's report and recommendation:

> The magistrate judge system was designed to alleviate the workload of district courts. . . .  To require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court. . . .  Equally important, requiring the district court to hear evidence not previously presented to the magistrate judge might encourage sandbagging. "[I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and - having received an unfavorable recommendation - shift gears before the district judge."

231 F.3d at 622 (citations omitted); *see also* Plantillas v. Cate, 2009 WL 890656, at *1 (C.D. Cal. March 31, 2009) (district judge order declining to consider new evidence presented in objections and noting that "[s]uch a policy is reasonable since the referral mechanism is intended to help ease the heavy workloads of the district courts and to aid in the efficient resolution of disputes") (citation omitted).

Petitioner was on notice that the Petition could be dismissed for untimeliness.  Nonetheless, Petitioner failed to raise his actual innocence argument until after the Report issued and reserved the argument for consideration by the District Judge.  Under these circumstances, the Court arguably would be justified in exercising its discretion to decline to consider his new "actual

innocence" argument,[1] but nonetheless, the Court has considered the new contention.

In Schlup v. Delo, 513 U.S. 298, 115 S. Ct. 851 (1995), the Supreme Court addressed whether a petitioner's assertion of actual innocence could allow him to avoid the application of the procedural default doctrine, *i.e.,* the bar to considering federal habeas claims that have been forfeited under a state law procedural bar rule. The Supreme Court found that a miscarriage of justice exception exists in the procedural default context and is governed by the test set forth in Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639 (1986). Schlup, 513 U.S. at 326-27, 115 S. Ct. at 867. Under this standard, to state a valid claim of actual innocence sufficient to allow avoidance of a procedural bar, a petitioner must produce "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Id.* at 324, 115 S. Ct. at 865. The reviewing tribunal must "consider the probative force of relevant evidence that was either excluded or unavailable at trial." *Id.* at 327-28, 115 S. Ct. at 867. The reviewing court must consider all the evidence, both that admitted at trial and the "evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Id.* at 328, 115 S. Ct. at 867. In view of the "newly supplemented record," a federal habeas court then "assess[es] how reasonable jurors would react to" the overall record with the inclusion of the new, reliable evidence. House v. Bell, 547 U.S. 518, 538, 126 S. Ct. 2064, 2078 (2006).

In McQuiggin v. Perkins, ___ U.S. ___, 133 S. Ct. 1924 (2013), the Supreme Court held that a tenable showing of "actual innocence" -- as the actual innocence standard has been articulated in Schlup and House -- can serve as a "gateway through which a petitioner may pass"

---

[1] *But see* Sossa v. Diaz, 729 F.3d 1225, 1231 (9th Cir. 2013) (finding an abuse of discretion in the failure to consider new arguments made by a *pro se* petitioner in his objections to a report and recommendation). The Court notes, however, that unlike the petitioner in Sossa, Petitioner is not "making a novel claim in an unsettled area of law" (*id.*); rather, he has made a standard and perfunctory assertion of "actual innocence" in reliance on a Ninth Circuit decision that issued several years ago.

when faced with the expiration of his limitations period. *Id.* at 1928. The Supreme Court emphasized that "tenable actual-innocence gateway pleas are rare," the standard for meeting this equitable exception is demanding and seldom met, and the timing of the petition is to be considered as a factor bearing on the reliability of the new evidence purporting to show actual innocence. *Id.* at 1928; *see also id.* at 1935 ("Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing."). This "demanding" standard requires a petitioner to "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence'" and to "present 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial'" *Id.* at 1935-36 (quoting Schlup).

Petitioner's actual innocence argument set forth in his Objections fails, because he has not presented the requisite "new" and "reliable" evidence required to invoke the Schlup gateway. Indeed, he has not presented any evidence at all other than his own self-serving statement that he is innocent. Petitioner's conclusory assertion of innocence, unsupported by actual evidence, does not make it more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt. *See* Schlup, 513 U.S. at 327, 115 S. Ct. at 867; *see also* Perkins, 113 S. Ct. at 1928. Accordingly, the actual innocence equitable exception contemplated in Perkins is inapplicable and does not permit Petitioner to avoid the Section 2244(d)(1) limitations period.

Having completed its review, the Court concludes that the Petition is untimely. The Court accepts and adopts the Report and the findings of fact, conclusions of law, and recommendations therein. Accordingly, IT IS ORDERED that: (1) Respondent's motion to dismiss is GRANTED; and (2) Judgment shall be entered dismissing this action with prejudice.

///
///
///
///

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on the parties.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: <u>February 26, 2014</u>.

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE